IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ONAH KINGSLEY,

    Plaintiff,

v.                                          Civil Action No. 3:25-cv-358

DARREN ISOM,

and

PENSKE TRUCK LEASING CORP,

    Defendants.

**MEMORANDUM OPINION**

This matter is before the Court on Defendant Penske's AMENDED/REPLACEMENT MOTION TO DISMISS (ECF No. 9) ("Penske MOTION"), the MEMORANDUM IN SUPPORT OF AMENDED/REPLACEMENT MOTION TO DISMISS (ECF No. 10) ("Penske Memo"), the PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT PENSKE'S MOTION TO DISMISS (ECF No. 11)("Kingsley Opposition") and REPLY BRIEF IN SUPPORT OF AMENDED/REPLACEMENT MOTION TO DISMISS (ECF No. 12)("Penske Reply"). Having reviewed the papers and for the reasons set forth below, the MOTION will be GRANTED and Count II will be dismissed without prejudice and with leave to amend.

**PROCEDURAL BACKGROUND**

On December 13, 2024, Onah Kingsley ("Kingsley") filed the COMPLAINT (ECF No. 1-1) against Darren Isom ("Isom") and Penske

1

Truck Leasing Corporation, ("Penske") in the Circuit Court for Hanover County, Virginia. Kingsley alleges one count of negligence against Isom (Count I) and one count of vicarious liability against Penske (Count II). Id. Isom has not been served in this matter, and, as to him this action has been abated. (ECF Nos. 13, 14). Penske filed its DEMURRER, ANSWER, AFFIRMATIVE AND OTHER DEFENSES in state court on May 5, 2025 (ECF No. 1-2). On May 12, 2025, Penske filed its NOTICE AND PETITION FOR REMOVAL to this Court based on 28 U.S.C. § 1441(a), (b)(1). (ECF No. 1).

On May 22, 2025, Penske filed a MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM and corresponding MEMORANDUM IN SUPPORT. (ECF No. 5-6). On July 9, 2025, the Court issued an ORDER (ECF No. 7) denying the motion because of a failure to comply with Local Civil Rule 7. Penske filed its AMENDED MOTION TO DISMISS on July 30, 2025, pursuant to Fed. R. Civ. P. 12(b)(6). Kingsley filed the Kinglsey Opposition on August 14, 2025. (ECF No. 9).

## ANALYSIS

### I. Exhibit A to the Kingsley Opposition

To resolve the Penske MOTION, it is necessary first to decide whether the Court can consider the document attached as Exhibit A to the Kingsley Opposition in deciding the Penske MOTION. Review of a Motion to Dismiss is based on the allegations contained in the complaint, and any documents "explicitly incorporated into the complaint by reference." Goines v. Valley Community Services Bd.,

822 F.2d 159, 165-66 (4th Cir. 2016) (citing <u>Tellabs, Inc. v. Makor Issues & Rights Ltd.</u>, 551 U.S. 308, 322 (2007)). The court can also consider exhibits attached to the complaint. Fed. R. Civ. P. 10(c). If an exhibit is neither attached to the complaint nor explicitly incorporated into the complaint, the court can consider it only if it is "integral to the complaint and there is no dispute about the document's authenticity." <u>Id.</u> at 166 (citing <u>Sec'y of State for Defense v. Trimble Nav. Ltd.</u>, 484 F.3d 700, 705 (4th Cir. 2007)).

Here, the allegation that Penske accepted liability appears for the first time in Kingsley's Opposition, citing Exhibit A. ECF No. 11. The COMPLAINT does not explicitly mention any email from Penske, and Exhibit A is not attached to the complaint itself. The remaining question is whether the email is "integral to the complaint." <u>Trimble</u>, 484 F.3d at 705.

A document is integral "where the complaint relies heavily upon its terms and effect." <u>Goines</u>, 822 F.3d at 166. (citing <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 153 (2d Cir. 2002). For example, in <u>Williams v. Painter</u>, body-worn-camera footage was found to be integral to a complaint where it was clear that the plaintiff relied on information from the body-worn-camera footage because he could not have known the information otherwise. Civil Action No. 3:24-cv-696, 2025 WL 1994673, at *2 (E.D. Va. July 17, 2025). Here, in contrast, there is no such reliance. Kingsley

3

alleges no information that could have been learned from the email chain, much less information that could have only been learned from the email chain. For those reasons, Exhibit A to the Kingsley Opposition cannot be considered in deciding the Penske MOTION.

**II. The Motion to Dismiss**

Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief may be granted when the complaint lacks "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Fed. R. Civ. P. 12(b)(6). A claim is plausible on its face when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable" and demonstrates "more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556-57). The Court must accept the Complaint's factual allegations as true in its review. Id.

To allege negligence under Virginia law, the Plaintiff must allege (1) duty, (2) breach, (3) proximate causation, and (4) damages. See e.g., Willner v. Dimon, 849 F.3d 93, 113 (4th Cir. 2017). Under Virginia law, when a vehicle owner is sued for negligence committed not by the owner, but by a permissive driver of the vehicle, the vehicle owner owes no duty unless there is a

4

special circumstance. See Dreher v. Budget Rent-a-Car System, Inc., 272 Va. 390, 395 (Va. 2006). Those special circumstances include negligent entrustment, or master-servant relationships. Id. at 396.

Here, Plaintiff Kingsley makes no allegation of a special circumstance that would permit Penske to be held vicariously liable for Isom's actions. Therefore, COUNT II fails to state a claim upon which relief can be granted, and thus it will be dismissed. It is difficult to conceive that such an allegation could be plausibly made, but, if that is incorrect, then amendment should be allowed. Hence, the denial of Count II will be without prejudice.

## CONCLUSION

For the reasons set forth above, the AMENDED/REPLACEMENT MOTION TO DISMISS (ECF No. 9) will be GRANTED and COUNT II will be dismissed for failure to state a claim upon which relief can be granted. The denial will be dismissed without prejudice and with leave to amend.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: September 19, 2025

5